# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSUMER INSURANCE USA | : | DOCKET NO. |
| | : | |
| v. | : | DECLARATORY JUDGMENT |
| | : | |
| HUNTLEIGH DEALERSHIP SERVICES, INC., and HUNTLEIGH BUS SALES, INC. | : : : | CIVIL ACTION |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff Consumers Insurance USA, by and through its attorneys, Billet & Associates, LLC, hereby avers the following:

## EXHIBITS

1. True and correct copies of the following exhibits to this Complaint are attached hereto, made a part hereof, and marked as follows:

| | |
|---|---|
| Exhibit "1" | Purchase Agreement, April 3, 2015 |
| Exhibit "2" | Complaint<br>Drexel Paulmier, a minor, by and through his parent and natural guardian Greg Paulmier, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003154 |
| Exhibit "3" | Complaint<br>Dea Carter, a minor, by and through her mother and natural guardian Dea Alexander, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003078 |
| Exhibit "4" | Complaint<br>Elijah A. Allen, a minor, by and through his parents and natural guardians Lisa Moton and Stephen Allen, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003177 |
| Exhibit "5" | Complaint<br>Elijah Mullen-Fripps, a minor, by and through his parent and natural guardian Catherine Battle, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003151 |

| | |
|---|---|
| Exhibit "6" | Complaint<br>Saniyah Copeland, a minor, by and through her parents and natural guardians Scott Copeland and Shonda Corbett, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003216 |
| Exhibit "7" | Complaint<br>Kayla Daniel, a minor, by and through her parents and natural guardians Haidache and Rebecca Daniel, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003207 |
| Exhibit "8" | Complaint<br>Gervone Elliott and Devaroe Elliott, w/h, indiv. and as parents and natural guardians of T.E., a minor v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003185 |
| Exhibit "9" | Complaint<br>Elvin N. Cruz, a minor, by and through his parent and natural guardian Estefani Rush, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003219 |
| Exhibit "10" | Complaint<br>[REDACTED], a minor, by and through her parent and natural guardian Yuma Euell, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003212 |
| Exhibit "11" | Complaint<br>Monet Davis, a minor, by and through her legal guardian Annette Frazier, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003220 |
| Exhibit "12" | Complaint<br>Madison Merritt, a minor, by and through her parents and natural guardians Tiffany Graham and Bryon Merritt, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003173 |
| Exhibit "13" | Complaint<br>Kyla Hayes, a minor, by and through her parent and natural guardian Khari Hayes, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003182 |
| Exhibit "14" | Complaint<br>Brittany Jacobs, an incapacitated person, by and through her mother and plenary guardian, Lynn Jacobs, Kimberly Smith and Ronald Smith, Jr., h/w, Noah Kensey, a minor, by and through his parents and natural guardians Shanita Kensey and Brian Kensey, et |

|  |  |
|---|---|
|  | al., Sanaia Jones, a minor, by and through her parents and natural guardians Tiffany Jones and Patrick Jones, et al., Amani Midgette-Muhammad, a minor, by and through her mother and natural guardian Enonge Mallard, et al., Charlotte Carlies, a minor, by and through her parents and natural guardians BettyAnn Carlies and Charles Carlies, et al., Charles Carlies, and Courtney Brown, a minor, by and through her parents and natural guardians Shanda Brown and Gregory Brown, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003180 |
| Exhibit "15" | Complaint<br>Kareem Callender-Daniel, a minor, by and through his parent and natural guardian Allan Daniel, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003158 |
| Exhibit "16" | Complaint<br>Elizabeth Laureano and Edwin Laureano, h/w, as parents and natural guardians of A.L., a minor v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003228 |
| Exhibit "17" | Complaint<br>Sincere Fullerton, a minor, by and through his legal guardian and paternal grandmother Darcel McClean, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003174 |
| Exhibit "18" | Complaint<br>Christian Porterfield, a minor, by and through his parent and natural guardian Shaneia Porterfield, et al. v. Clarence Beamer, Jr., et al., CCP, Phila., November Term 2018, No. 003192 |
| Exhibit "19" | Consumers Insurance policy 11/30/14 - 11/30/15 |
| Exhibit "20" | Consumers Insurance policy 11/30/15 - 11/30/16 |
| Exhibit "21" | Notice of Non-Renewal, September 30, 2016 |
| Exhibit "22" | Denial of coverage letter, January 21, 2019 |

**PARTIES**

2. Plaintiff Consumers Insurance USA (hereinafter "Consumers") is an insurance company and affiliate of the Motorists Insurance Group, with its principle place of business at 471 East Broad Street, Columbus, Ohio 43215.

3. Defendant Huntleigh Dealership Services, Inc., is a corporation with its principle place of business at 13788 Lakefront Drive, Earth City, Missouri 63045-1420.

4. Defendant Huntleigh Bus Sales, Inc., is a corporation with its principle place of business at 13788 Lakefront Drive, Earth City, Missouri 63045-1420.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case due to diversity of citizenship pursuant to 28 U.S.C. §1332, as this is an action between citizens or corporations of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

7. This action is brought under the Federal Declaratory Judgments Act, 28 USC §2201, et seq.

## FACTS AND PROCEDURAL BACKGROUND

### The Accident and Claims

8. This insurance declaratory judgment action arises out of a bus accident which occurred on May 15, 2017. See Exhibits "2"-"18" (complaints).

9. The bus in question was a 2006 International (Navistar), VIN No. 1HVBTAAN36H265273, outfitted by the Krystal Bus Company as a 2006 Krystal model KK38 (hereinafter "the Bus"). See Exhibit "2" (Paulmier complaint)[1] at ¶¶ 20-40, 40-48, 99.

10. At all times relevant hereto, defendants Huntleigh Dealership Services, Inc., and Huntleigh Bus Sales, Inc. (hereinafter, collectively, "Huntleigh"), were in the business of used bus sales.

11. In 2015 the Bus was owned by Huntleigh for sale as a "used" or "pre-owned" bus.

---

[1] The 17 complaints are consistent in their allegations. The Paulmier complaint is being cited as an example of the allegations of facts common to all the complaints, rather than citing paragraphs in each and every complaint.

12. On April 3, 2015, the Bus was sold by Huntleigh to FKW, Inc., 1908 Rochambeau, Malvern, Pennsylvania 19355. See Exhibit "1" (Purchase Agreement); Exhibit "2" at ¶ 15.

13. At all times relevant hereto, FKW, Inc., and/or Werner Bus Lines, Inc., 144 Chester Avenue, Phoenixville, Pennsylvania 19460 (also known as Werner Coach) (hereinafter, collectively, "Werner Bus Lines"), operated a charter bus business, including charter bus services for school field trips. See Exhibit "2" at ¶¶ 6-17.

14. At all times relevant hereto, Werner Bus Lines contracted with the Philadelphia School District to provide the Charles W. Henry Elementary School with a charter bus for an 8th Grade field trip to Washington, DC, on May 15, 2017. See Exhibit "2" at ¶¶ 16, 75, 83-84, 97.

15. Werner Bus Lines provided the Bus for the field trip, and an employee driver, Clarence Beamer, Jr. See Exhibit "2" at ¶¶ 3-7, 99-101.

16. While traveling on Interstate-95 at or near Havre de Grace, Harford County, Maryland, the Bus was involved in an accident in which children and adults on the bus were injured. See Exhibit "2" at ¶¶ 113-118 (description of accident).

17. As a result of the accident, the following 17 civil actions were filed in the Philadelphia, Pennsylvania, Court of Common Pleas seeking personal injury and other damages:[2]

>   Drexel Paulmier, a minor, by and through his parent and natural guardian Greg Paulmier, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003154 (Exhibit "2");
>
>   Dea Carter, a minor, by and through her mother and natural guardian Dea Alexander, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003078 (Exhibit "3");
>
>   Elijah A. Allen, a minor, by and through his parents and natural guardians Lisa Moton and Stephen Allen, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003177 (Exhibit "4");

---

[2] These are the actions known to plaintiff Consumers as of the time this declaratory judgment complaint is being filed.

<u>Elijah Mullen-Fripps, a minor, by and through his parent and natural guardian Catherine Battle, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003151 (Exhibit "5");

<u>Saniyah Copeland, a minor, by and through her parents and natural guardians Scott Copeland and Shonda Corbett, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003216 (Exhibit "6");

<u>Kayla Daniel, a minor, by and through her parents and natural guardians Haidache and Rebecca Daniel, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003207 (Exhibit "7");

<u>Gervone Elliott and Devaroe Elliott, w/h, indiv. and as parents and natural guardians of T.E., a minor v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003185 (Exhibit "8");

<u>Elvin N. Cruz, a minor, by and through his parent and natural guardian Estefani Rush, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003219 (Exhibit "9");

<u>[REDACTED], a minor, by and through her parent and natural guardian Yuma Euell, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003212 (Exhibit "10");

<u>Monet Davis, a minor, by and through her legal guardian Annette Frazier, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003220 (Exhibit "11");

<u>Madison Merritt, a minor, by and through her parents and natural guardians Tiffany Graham and Bryon Merritt, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003173 (Exhibit "12");

<u>Kyla Hayes, a minor, by and through her parent and natural guardian Khari Hayes, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003182 (Exhibit "13");

<u>Brittany Jacobs, an incapacitated person, by and through her mother and plenary guardian, Lynn Jacobs, Kimberly Smith and Ronald Smith, Jr., h/w, Noah Kensey, a minor, by and through his parents and natural guardians Shanita Kensey and Brian Kensey, et al., Sanaia Jones, a minor, by and through her parents and natural guardians Tiffany Jones and Patrick Jones, et al., Amani Midgette-Muhammad, a minor, by and through her mother and natural guardian Enonge Mallard, et al., Charlotte Carlies, a minor, by and through her parents and natural guardians BettyAnn Carlies and Charles Carlies, et al., Charles Carlies, and Courtney Brown, a minor, by and through her parents and natural guardians Shanda Brown and Gregory Brown, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003180 (Exhibit "14");

<u>Kareem Callender-Daniel, a minor, by and through his parent and natural guardian Allan Daniel, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003158 (Exhibit "15");

<u>Elizabeth Laureano and Edwin Laureano, h/w, as parents and natural guardians of A.L., a minor v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003228 (Exhibit "16");

<u>Sincere Fullerton, a minor, by and through his legal guardian and paternal grandmother Darcel McClean, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003174 (Exhibit "17");

<u>Christian Porterfield, a minor, by and through his parent and natural guardian Shaneia Porterfield, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003192 (Exhibit "18").

18. In their complaints, the claimants allege theories of negligent driving against the bus driver; respondeat superior and negligent hiring, supervision, and entrustment against Werner Bus Lines/FKW; and product liability (strict liability, negligent product liability, and breach of warranties) against Navistar, Krystal, and Huntleigh. See Exhibits "2"-"18."

19. The product liability theories include, <u>inter alia</u>, claims that the Bus did not have seat belts. See Exhibits "2"-"18."

20. In particular, the claims against Huntleigh are that it should be liable for product liability as a seller of a defective product, as it sold the Bus to Werner. See Exhibits "1"-"18."

**Huntleigh's Insurance with Consumers Insurance USA**

21. Prior to the accident of May 15, 2017, plaintiff Consumers had issued a policy of insurance to Huntleigh, Policy No. AD 29160359-4, in two policy years with the following policy periods/effective dates set forth in the "declarations" pages of the policies:

> November 30, 2014 to November 30, 2015
> November 30, 2015 to November 30, 2016

See Exhibits "19" and "20" (declarations).

7

22. Consumers' coverage for Huntleigh -- a motor vehicle dealer -- was a "garage policy" covering liability for certain claims involving: (1) "covered autos"; and (2) claims not involving "covered autos." See Exhibits "19" and "20," each at Garage Coverage Form (Insurance Services Office ("ISO") form Commercial Auto CA 00 05 03 10), Section II(A)(1) and (2). See also, ¶¶ 27 and 36 of this Complaint, infra.

23. Consumers' last policy of insurance for Huntleigh expired on November 16, 2016. Consumers provided Huntleigh with a Notice of Non-Renewal on September 30, 2016, and later issued a denial of coverage letter on January 21, 2019 with regard to the claims arising out of the bus accident. See Exhibits "19" and "20" (declarations), "21" (Notice of Non-Renewal), and "22" (denial of coverage letter).

24. Consumers never issued any other new or renewal insurance policies to Huntleigh at any time after the expiration of Consumers' last policy on November 30, 2016, after which Huntleigh was no longer an insured of Consumers.

25. Consumers did not insure Huntleigh at the time of the bus accident on May 15, 2017. See Exhibits "19" and "20" (declarations), and "21" (cancellation notice).

## COUNT I

**There is no coverage for the accident or claims, as the Bus was not a "covered auto" and Consumers' last policy issued to Huntleigh expired on November 30, 2016**

26. Plaintiff incorporates by reference all allegations in paragraphs 1-25 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

### A. There is no coverage for claims "resulting from "'garage operations' other than the ownership, maintenance, or use of covered "autos"

27.     The Consumers policy, which expired on November 30, 2016, states in pertinent part:

SECTION II - LIABILITY COVERAGE

A. Coverage

    1. "Garage Operations" -- Other Than Covered "Autos"

        a. We will pay all sums an "insured" legally must pay as damages because of bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance, or use of covered "autos."

        ...

        b. This insurance applies to "bodily injury" and "property damage" only if:

        ...

        (2) The "bodily injury" or "property damage" occurs during the policy period...

See Exhibits "19" and "20," each at Garage Coverage Form (Insurance Services Office ("ISO") form Commercial Auto CA 00 05 03 10), Section II (A)(1).

28.     Vehicles designated as "covered autos" under the Consumers' policy that expired on November 30, 2016 were those vehicles: (1) owned by Huntleigh; (2) "specifically described "autos"; (3) "hired autos" (leased, etc.); (4) "non-owned autos" used in the garage business; (5) customers' autos in Huntleigh's custody for repair, storage, etc.; and (6) vehicles for lease or rental by Huntleigh. See Exhibits "19" and "20," each at Garage Coverage Form pp. 1-2 of 17.

29.     The Bus was not a "covered auto" at the time of the accident, as it was sold by Huntleigh to FKW on April 3, 2015, see Exhibit "1," and was therefore no longer: "owned" by

Huntleigh; "specifically described"; a "hired auto"; "used in the garage business"; a "customer's auto"; or for lease or rent by Huntleigh, see Exhibits "19" and "20," each at Garage Coverage Form pp. 1-2 of 17.

30. The Bus was also not a "covered auto" at the time of the accident, as Consumers no longer provided coverage to Huntleigh after November 30, 2016.

31. As the Bus was not a "covered auto" at the time of the accident under Consumers' last policy issued to Huntleigh, the claimants' bodily injuries did not result from the "ownership, maintenance, or use of a 'covered auto.'"

32. In addition to the claimants' bodily injuries not resulting from the "ownership, maintenance, or use of a 'covered auto,'" their bodily injuries were also required to have occurred during Consumers' policy period for coverage to apply. See Exhibits "19" and "20," each at Garage Coverage Form, Section II(A)(1)(b)(2).

33. As the last Consumers policy and policy period expired on November 30, 2016, and as the accident and claimants' bodily injuries occurred on May 15, 2017, coverage does not apply as the bodily injuries did not occur during the policy period of the last insurance policy issued by Consumers.

34. Coverage under Consumers' last policy issued to Huntleigh does not apply, as Huntleigh was no longer insured by Consumers at the time of the accident and the claimants' bodily injuries. Put another way, there was no longer a Consumers policy at the time of the accident and the claimants' bodily injuries.

35. Accordingly, there is no coverage under any insurance policy issued by Consumers to Huntleigh which applies to the claims arising out of the accident of May 15, 2017.

### B. There is no coverage for claims "resulting from 'garage operations' involving the ownership, maintenance, or use of covered 'autos'"

36. The Consumers policy, which expired on November 30, 2016, states in pertinent part:

SECTION II - LIABILITY COVERAGE

A. Coverage

...

2. "Garage Operations" - Covered "Autos"

We will pay all sums an insured legally must pay as damages because of bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance, or use of covered "autos."

See Exhibits "19" and "20," each at Garage Coverage Form, Section II(A)(2).

37. The Consumers policy further states:

SECTION V - GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

...

B. General Conditions

...

7. Policy Period, Coverage Territory

Under this coverage form, we cover:

a. "Bodily injury," "property damage," and losses occurring; during the policy period shown in the Declarations...

See Exhibits "19" and "20," each at Garage Coverage Form, Section V.

11

38. Accordingly, claims for bodily injury involving "covered autos" -- just like claims for bodily injury <u>not</u> involving "covered autos" -- were required to occur during the policy period. <u>See</u> Exhibits "19" and "20," each at Garage Coverage Form, Section V.

39. As the Bus was not a "covered auto" at the time of the accident, and as the claimants' bodily injuries did not occur during the policy period which ended on November 30, 2016, coverage under Consumers' last policy issued to Huntleigh does not apply.

40. Accordingly, there is no coverage under any insurance policy issued by Consumers to Huntleigh which applies to the claims arising out of the accident of May 15, 2017.

WHEREFORE, plaintiff Consumers Insurance USA demands judgment in its favor and against the defendants as set forth in Count III, <u>infra</u>.

## COUNT II

### There was no coverage for product liability claims under Consumers' last policy issued to Huntleigh

41. Plaintiff incorporates by reference all allegations in paragraphs 1-40 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

42. The Consumers policy, which expired on November 30, 2016, states, in pertinent part:

### PRODUCT LIABILITY EXCLUSION

It is understood and agreed that the Insurer (Consumers Insurance USA) shall not be liable to make payment for loss on account of any Claim based upon, arising out of or attributable to any deficiency, malfunction or defect of any kind of any product manufactured, designed, distributed, or sold by the Insured.

<u>See</u> Exhibits "19" and "20," each at Commercial Auto Form CI 06 19 06 09 (Product Liability Exclusion).

43. While the last Consumers' policy issued to Huntleigh expired on November 30, 2016, it nonetheless excluded coverage for all product liability claims.

44. So even it were assumed, arguendo, that the last policy issued by Consumers to Huntleigh was still in effect at the time of the accident, which is denied, coverage would not apply anyway, as the claims against Huntleigh are for product liability, which were excluded from coverage.

45. Accordingly, there is no coverage under any insurance policy issued by Consumers to Huntleigh which applies to the claims arising out of the accident of May 15, 2017.

WHEREFORE, plaintiff Consumers Insurance USA demands judgment in its favor and against the defendants as set forth in Count III, infra.

## COUNT III

46. Plaintiff incorporates by reference all allegations in paragraphs 1-45 of this Declaratory Judgment Complaint, as fully as though herein set forth at length.

WHEREFORE, plaintiff Consumers Insurance USA demands judgment in its favor and against the defendants, declaring, as a matter of law, that:

A. Plaintiff Consumers Insurance USA has no duty to insure, indemnify, or defend defendants Huntleigh Dealership Services, Inc., and Huntleigh Bus Sales, Inc., for any claims, lawsuits, crossclaims, or counterclaims for bodily injury, property damage, or any other claims for recovery arising out of the bus accident of May 15, 2017 on Interstate-95 at or near Havre de Grace, Harford County, Maryland, and including, but not limited to, the following lawsuits filed in the Philadelphia (Pennsylvania) Court of Common Pleas, the claims, complaints, crossclaims, and counterclaims contained therein, and any other claims and lawsuits that may be asserted arising out of said accident:

Drexel Paulmier, a minor, by and through his parent and natural guardian Greg Paulmier, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003154;

Dea Carter, a minor, by and through her mother and natural guardian Dea Alexander, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003078;

Elijah A. Allen, a minor, by and through his parents and natural guardians Lisa Moton and Stephen Allen, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003177;

Elijah Mullen-Fripps, a minor, by and through his parent and natural guardian Catherine Battle, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003151;

Saniyah Copeland, a minor, by and through her parents and natural guardians Scott Copeland and Shonda Corbett, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003216;

Kayla Daniel, a minor, by and through her parents and natural guardians Haidache and Rebecca Daniel, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003207;

Gervone Elliott and Devaroe Elliott, w/h, indiv. and as parents and natural guardians of T.E., a minor v. Clarence Beamer, Jr., et al., November Term 2018, No. 003185;

Elvin N. Cruz, a minor, by and through his parent and natural guardian Estefani Rush, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003219;

[REDACTED], a minor, by and through her parent and natural guardian Yuma Euell, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003212;

Monet Davis, a minor, by and through her legal guardian Annette Frazier, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003220;

Madison Merritt, a minor, by and through her parents and natural guardians Tiffany Graham and Bryon Merritt, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003173;

Kyla Hayes, a minor, by and through her parent and natural guardian Khari Hayes, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003182;

Brittany Jacobs, an incapacitated person, by and through her mother and plenary guardian, Lynn Jacobs, Kimberly Smith and Ronald Smith, Jr., h/w, Noah Kensey, a minor, by and through his parents and natural guardians Shanita Kensey and Brian Kensey, et al., Sanaia Jones, a minor, by and through her parents and natural guardians Tiffany Jones and Patrick Jones, et al., Amani Midgette-Muhammad, a

14

minor, by and through her mother and natural guardian Enonge Mallard, et al., Charlotte Carlies, a minor, by and through her parents and natural guardians BettyAnn Carlies and Charles Carlies, et al., Charles Carlies, and Courtney Brown, a minor, by and through her parents and natural guardians Shanda Brown and Gregory Brown, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003180;

Kareem Callender-Daniel, a minor, by and through his parent and natural guardian Allan Daniel, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003158;

Elizabeth Laureano and Edwin Laureano, h/w, as parents and natural guardians of A.L., a minor v. Clarence Beamer, Jr., et al., November Term 2018, No. 003228;

Sincere Fullerton, a minor, by and through his legal guardian and paternal grandmother Darcel McClean, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003174;

Christian Porterfield, a minor, by and through his parent and natural guardian Shaneia Porterfield, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003192

and;

B.   Insurance coverage under Consumers Insurance USA's insurance policy, Policy No. AD 29160359-4, policy periods/effective dates November 30, 2014 to November 30, 2015 and November 30, 2015 to November 30, 2016, including all declarations, provisions, amendments, exclusions, exceptions, and endorsements, does not apply to afford insurance coverage or a defense to defendants Huntleigh Dealership Services, Inc., or Huntleigh Bus Sales, Inc., for any claims, lawsuits, crossclaims, or counterclaims for bodily injury, property damage, or any other claims for recovery arising out of the bus accident of May 15, 2017 on Interstate-95 at or near Havre de Grace, Harford County, Maryland, and including, but not limited to, the following lawsuits filed in the Philadelphia (Pennsylvania) Court of Common Pleas, the claims, complaints, crossclaims, and counterclaims contained therein, and any other claims and lawsuits that may be asserted arising out of said accident:

Drexel Paulmier, a minor, by and through his parent and natural guardian Greg Paulmier, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003154;

15

Dea Carter, a minor, by and through her mother and natural guardian Dea Alexander, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003078;

Elijah A. Allen, a minor, by and through his parents and natural guardians Lisa Moton and Stephen Allen, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003177;

Elijah Mullen-Fripps, a minor, by and through his parent and natural guardian Catherine Battle, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003151;

Saniyah Copeland, a minor, by and through her parents and natural guardians Scott Copeland and Shonda Corbett, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003216;

Kayla Daniel, a minor, by and through her parents and natural guardians Haidache and Rebecca Daniel, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003207;

Gervone Elliott and Devaroe Elliott, w/h, indiv. and as parents and natural guardians of T.E., a minor v. Clarence Beamer, Jr., et al., November Term 2018, No. 003185;

Elvin N. Cruz, a minor, by and through his parent and natural guardian Estefani Rush, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003219;

[REDACTED], a minor, by and through her parent and natural guardian Yuma Euell, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003212;

Monet Davis, a minor, by and through her legal guardian Annette Frazier, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003220;

Madison Merritt, a minor, by and through her parents and natural guardians Tiffany Graham and Bryon Merritt, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003173;

Kyla Hayes, a minor, by and through her parent and natural guardian Khari Hayes, et al. v. Clarence Beamer, Jr., et al., November Term 2018, No. 003182;

Brittany Jacobs, an incapacitated person, by and through her mother and plenary guardian, Lynn Jacobs, Kimberly Smith and Ronald Smith, Jr., h/w, Noah Kensey, a minor, by and through his parents and natural guardians Shanita Kensey and Brian Kensey, et al., Sanaia Jones, a minor, by and through her parents and natural guardians Tiffany Jones and Patrick Jones, et al., Amani Midgette-Muhammad, a minor, by and through her mother and natural guardian Enonge Mallard, et al., Charlotte Carlies, a minor, by and through her parents and natural guardians

<u>BettyAnn Carlies and Charles Carlies, et al., Charles Carlies, and Courtney Brown, a minor, by and through her parents and natural guardians Shanda Brown and Gregory Brown, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003180;

<u>Kareem Callender-Daniel, a minor, by and through his parent and natural guardian Allan Daniel, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003158;

<u>Elizabeth Laureano and Edwin Laureano, h/w, as parents and natural guardians of A.L., a minor v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003228;

<u>Sincere Fullerton, a minor, by and through his legal guardian and paternal grandmother Darcel McClean, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003174;

<u>Christian Porterfield, a minor, by and through his parent and natural guardian Shaneia Porterfield, et al. v. Clarence Beamer, Jr., et al.</u>, November Term 2018, No. 003192.

BILLET & ASSOCIATES, LLC

By: _____
ROBERT DOUGLAS BILLET, ESQUIRE
MATTHEW H. SHUSTERMAN, ESQUIRE
PA Atty ID 38430/203595

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com
mshusterman@billetlaw.com

Attorneys for plaintiff Consumers Insurance USA

Date: April 24, 2019